**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

JOHN EDWARD GOEBEL,  §
§
Petitioner,  §
§
v.  §  CIVIL ACTION NO. 5:25-CV-130-RWS-JBB
§
WARDEN, FCI-TEXARKANA,  §
§
Respondent.  §

## ORDER

Petitioner John Edward Goebel, proceeding *pro se*, filed his Petition for the Writ of Habeas Corpus challenging the computation of his sentence. The case was referred to United States Magistrate Judge J. Boone Baxter in accordance with 28 U.S.C. § 636.

Petitioner filed three motions for injunctive relief seeking First Step Act time credits. Docket Nos. 2, 6, 21. On January 30, 2026, the magistrate judge issued a Report and Recommendation (Docket No. 24), recommending the motions be denied because Petitioner had not exhausted his administrative remedies and thus did not demonstrate a likelihood of relief on the merits. Petitioner filed objections on February 17, 2026, arguing the administrative remedy process was futile and that denying him a transfer to prerelease custody based on available bed space was improper. Docket No. 27. However, Petitioner also requests that his motion for injunctive relief be "denied without prejudice so petitioner may refile in the proper jurisdiction" (*i.e.*, the Northern District of Texas). In a later portion of his objections, he requests that: (1) his petition be dismissed without prejudice so that he can refile in the Northern District of Texas, where he is now located; (2) his petition and motions be granted; (3) that the Bureau of Prisons be ordered to transfer him back to Texarkana; or (4) that the case be transferred to the Northern District of Texas.

The Court has reviewed Petitioner's objections *de novo*. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). As the magistrate judge explained, Petitioner has not shown that the administrative remedy procedure is futile. Docket No. 24 at 3. Thus, the magistrate judge correctly concluded that Petitioner failed to show a substantial likelihood of success on the merits of his claims and therefore he is precluded from injunctive relief. In addition, the Court cannot order the Bureau of Prisons to house Petitioner in any particular location, including Texarkana, and the case cannot be transferred to the Northern District of Texas because jurisdiction and venue vested at the time the case was filed. *See Owens v. Roy*, 394 F. App'x 61, 62 (5th Cir. 2010) (citing *Lee v. Wetzel*, 244 F.3d 370, 275 n.5 (5th Cir. 2001)). Should Petitioner wish to dismiss this case so that he may refile it in the Northern District of Texas, he may file a separate motion to that effect.

After review, the Court concludes that the Report and Recommendation of the magistrate judge is correct, and the Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections to the Report and Recommendation of the magistrate judge (Docket No. 27) are **OVERRULED** and the Report and Recommendation (Docket No. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Petitioner's motions for injunctive relief (Docket Nos. 2, 6, 21) are **DENIED**.

 **So ORDERED and SIGNED this 25th day of March, 2026.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

Page **2** of **2**